UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JAMEEK SIMMONS,

                        Plaintiff,

           -against-

Detective JAVIER APONTE, Shield No. 11268; Detective ANTONIO D. SANTANA, Shield No. 30589; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Jameek Simmons ("plaintiff" or "Mr. Simmons") is a resident of Kings County in the City and State of New York.

7. Defendant Detective Javier Aponte, Shield No. 11268 ("Aponte"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Aponte is sued in his individual and official capacities.

8. Defendant Detective Antonio D. Santana, Shield No. 30589 ("Santana"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Santana is sued in his individual and official capacities.

9. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. At approximately 6:00 a.m. on February 7, 2013, Mr. Simmons was violently attacked by defendant officers at 1027 Belmont Avenue, in apartment 2F, in Brooklyn, New York.

13. As Mr. Simmons was sleeping in bed that morning defendant officers stormed into the room and assaulted and battered him.

14. Notwithstanding that Mr. Simmons did not resist in anyway and voluntarily placed his hands behind his back as he lay on the bed to show compliance, defendants dragged plaintiff off of the bed and kicked and punched him.

15. Defendants repeatedly punched Mr. Simmons on the right side of his face and on his right ear.

16. Plaintiff was eventually taken to the 75th Precinct.

17. Although Mr. Simmons requested medical attention defendants threatened that if he sought treatment he would be held longer.

18. Following his release, Mr. Simmons sought treatment for pain and hearing loss in his right ear as well as headaches.

19. Mr. Simmons was diagnosed with a traumatic punctured eardrum and was prescribed medications.

20. Mr. Simmons continues to require medical treatment for his injuries.

21. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered emotional distress, mental anguish, fear, severe pain and significant bodily injury.

## FIRST CLAIM
**Unreasonable Force**

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

24. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
**Deliberate Indifference to Medical Needs**

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

27. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

28. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
**Failure To Intervene**

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

31. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:    April 4, 2013
    New York, New York

                    HARVIS WRIGHT
                    SALEEM & FETT LLP

                    _____
                    Baree N. Fett
                    305 Broadway, 14th Floor
                    New York, New York 10007
                    (212) 323-6880
                    bnfett@hwsflegal.com

                    *Attorney for plaintiff*